# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | Case No. 1:17-cv-00754-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED |
| v. | |
| M. PODSAKOFF, et al., | (ECF No. 2) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*, filed on June 2, 2017. (ECF No. 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Plaintiff has been informed in a prior case that he is subject to § 1915(g).[2]

---
[1] The Court takes judicial notice of the following United States District Court Cases: (1) Shepard v. Connolly, Case No. 2:11-cv-01262-UA-MAN (C.D. Cal.) (dismissed on February 17, 2011, for being frivolous, malicious, or failing to state a claim); (2) Shepard v. Johnson, Case No. 1:11-cv-01726-SKO PC (dismissed on August 7, 2012, for failure

1

1    The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).  Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  Plaintiff initiated this action while at Calipatria State Prison in Calipatria, California, where he currently is housed.  However, the allegations in the complaint concern events that occurred while Plaintiff was housed at Corcoran State Prison in Corcoran, California, in September 2010.

Plaintiff alleges that on September 1, 2010, Defendant Podsakoff asked Plaintiff to submit to an unclothed body search during which Plaintiff stripped naked, squatted, and coughed while Defendant Podsakoff watched.  Once Plaintiff finished, Defendant Podsakoff stated, "Do it again I didn't see."  Plaintiff stated, "Every time you search me, you ask me to do it again this is the third time, and sexual harassment."  Plaintiff asked Defendant Podsakoff to get the sergeant, and Defendant Podsakoff refused.  Plaintiff informed the unit supervisor and later filed a complaint against Defendant Podsakoff for sexual harassment. Plaintiff further alleges that on September 23, 2010, Defendant Weatherford informed Defendant Podsakoff of the complaint.  Plaintiff alleges that Defendant Podsakoff then wrote a false report on Plaintiff for disrespecting staff, dated September 29, 2010.  Plaintiff argues that the later date of the report is evidence of retaliation against Plaintiff for filing a complaint against Defendant Podsakoff.  (ECF No. 1.)

Plaintiff's complaint concerns past events at an institution where he was no longer housed by the time he filed his complaint in this action.  Furthermore, Plaintiff's allegations of harassment and a false report at his previous institution do not show any risk of significant physical harm. Thus, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g).  Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

///

///

---

to state a claim); (3) Shepard v. Munoz, Case No. 1:12-cv-01470-GSA PC (dismissed on October 8, 2013, for failure to state a claim).

[2] The Court takes judicial notice of Documents 25 and 26 in Shepard v. Podsakoff, Case No. 1:12-cv-00495-AWI-EPG (E.D. Cal.).

Accordingly, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 2) be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 6, 2017**        /s/ Barbara A. McAuliffe
                               UNITED STATES MAGISTRATE JUDGE